UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRESSLEY ALSTON,

    Plaintiff,

v.                               CASE NO. 3:13-cv-1153-J-99TJC-JBT

MS. VICTORIA, Chief,
Medical Examiner's Office, etc.,
THE JACKSONVILLE SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court *sua sponte*.

On September 23, 2013, Plaintiff, an inmate of the Florida penal system proceeding *pro se*,[1] initiated this action by filing a document asking the Court for permission "to file a case or legal lawsuit on the above-named defendant(s)" (Doc. 1 at 1), which has been docketed as a complaint.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection, which is commonly referred to as the "three strikes" provision:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] Plaintiff has not provided the Court with his current address. However, attached to Plaintiff's "complaint" is the Court's Order from a previous case filed by Plaintiff in this Court, which reflects Plaintiff's address. In addition, the Court takes judicial notice of the Florida Department of Correction's online Inmate Population Information Detail showing that Plaintiff is currently incarcerated on a death sentence, has been in custody since 1996, and is housed at Union Correctional Institution in Raiford, Florida.

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Alston v. Jacksonville Sheriff's Office*, Case No. 3:02-cv-363-J-25TEM (dismissed as frivolous); (2) *Alston v. U.S. District Court, M.D. Fla.*, Case No. 3:02-cv-364-J-25TEM (dismissed as frivolous); and (3) *Alston v. Glover*, Case No. 3:02-cv-399-J-16TJC (dismissed as an abuse of the judicial process).[2]  Because Plaintiff has had three or more qualifying dismissals under the "three strikes" provision of 28 U.S.C. § 1915, and his "complaint" does not allege that he is under imminent danger of serious physical injury, this action will be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new complaint and paying the full $400.00 filing fee.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice**.

---

[2] The Court notes that dismissal of a previous lawsuit for abuse of the judicial process counts as one of the three strikes under § 1915(g).  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (stating that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), *rev'd on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

2

2. The Clerk of Court shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on October 23rd, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to:

Pressley Alston
#0-709795
Union Correctional Institution
7819 N.W. 228th St.
Raiford, FL 32026